Good morning, Your Honor. It's Kurt Hermanson on behalf of Mr. Rodriguez-Castro. Improperly calculating the guideline range is a significant procedural error that results in having to reverse the sentence, and that's what happened in this case when the district court placed its philosophical views in opposition to 2D1.185 on the record and indicated that it wasn't going to give minus two for minor role because by giving that, it would have to give an additional three points off because the person was a novice mirror courier. Well, that was not what the philosophy he expressed. That's not what he said. He said, I don't think the guy deserves a minimum role because he didn't perform a minimum role. He didn't say because it's going to result in lower points. He recognized on an excerpt of record 55, line seven, that his approach could be seen as unprincipled, and so he did recognize that and state on the record that in most cases he does give minus two for minor role if the drug is marijuana. And so our argument is that it's an unprincipled approach to say that I'm not going to give minor role if the drug is cocaine. That's not what he said. As I read that record, what he's disagreeing with is the policy of the U.S. Attorney's Office, which inverts what they should be doing in the district court's eyes of offering a minor role adjustment whenever somebody gets arrested and he's the only defendant in the case as the courier. And the U.S. Attorney's Office immediately offers a minor role adjustment. And what the district court was saying is you've got it backwards. First, you've got to show that he's entitled to it on the facts. And despite the fact that both of the parties were willing to stipulate that he was entitled to a minor role adjustment, the district court, I think quite properly, exercised its fact-finding authority and made a factual determination that based on the evidence in this case and the other one that's related to it that we submitted on the briefs, I think, today, that he wasn't entitled to a minor role adjustment and then articulated why. What's wrong with that? It's absolutely right that the district court disagrees with the way the U.S. Attorney's Office handles fast-track plea agreements in the Southern District of California. In the Southern District of California, because of the huge volume of cases, they do have a fast-track program. And under that program, if they don't have evidence negating a minor role for a courier, a novice courier, a first-time courier who's driving across the border with a large quantity of drugs while he's in a vehicle, they will put in a plea agreement minus two for minor role. He definitely opposes and states on the record that he opposes that policy and thinks it's backwards. I don't disagree with that, and he has. Don't disagree with what? The district court's authority to question the U.S. Attorney's Offices? I don't disagree with the concept that we have the burden of proving minor role and that you can't just say we're going to stipulate to minor role not knowing anything about the case. Right. And you also agree, do you not, that the district court is not bound by that stipulation? Correct. But it wasn't a stipulation. What's the problem? It wasn't a stipulation, and that's key. On Excerpts of Record, page 8, the plea agreement says minus two for minor role. But it also has an asterisk that says the U.S. Attorney's Office doesn't have to recommend minor role unless the defendant comes forward with evidence to support the minor role reduction. How does that help you? It helps because that's exactly what happened in this case. And the district court wasn't persuaded by that evidence. And the district court wasn't in the best position to make that decision. But it's the one that gets to make the decision. The decider is the minor role. So what's wrong? What was clearly erroneous about the district court's determination that this defendant didn't qualify for minor role? What distinguishes this case from the other cases and makes it clearly erroneous is that the court said that if it, in marijuana cases, it does give minus two for minor role. So the first thing that's wrong with it is that based on the type of drug, the court was not going to give minor role. I think the judge said very specifically, this defendant's not like, the judge says explicitly, I do give minor role to some couriers, sometimes even with large quantities. But this guy made multiple trips across the border to prepare so this car would have a record of going back and forth, which gives him several days to consider what he's doing. It's not something that's an impromptu act. He was left alone with a large quantity, which the district judge said he would anticipate a DEA expert would testify that This can't be some real small potatoes guy because a small potatoes guy wouldn't be trusted with a large quantity of drugs like this. Judge infers from this, from him, his perspective, that's not minor role. What's wrong with that logic? What makes that logic clearly erroneous? It's not the logic that's clearly erroneous. Then we're done. We're not done. If it's not clearly erroneous, then what's wrong with the sentence? The logic's not clearly erroneous, but factually it's incorrect. Because the facts of this case show that he was a novice courier who had never done this before, had no prior record, and he even said the district judge says Which of those facts changes what I just said that the judge cited? The judge was applying general ideas that in a trial you might have an expert No. The judge said multiple trips across the border, plenty of time to consider, large quantity of drugs. What have you said that just impeached either of those conclusions? Time to think about it has nothing to do with minor role. That's aberrant behavior. And the large quantity of drugs, there is 9th Circuit law definitely that supports. Large quantity alone can be enough, and there are cases. And this was how much dope? 73 kilograms of cocaine. So we multiply that by 2.2, so now we're up to 150 pounds of cocaine? It's a huge quantity of drugs. And so under a minor role analysis. Not by itself, it seems to me. The notion that somebody who's really small potatoes isn't given that kind of quantity, that seems pretty plausible to me. And in this case, there was a safety valve debrief where Mr. Rodriguez Castro met with the case agent, and the case agent said he's telling the truth, that he'd never done it before. He talked to probation. He'd never done it before. So you keep coming back to first time. Right. And first time's not enough. First time has its own significance, but first time doesn't mean I qualify for minor role. Judge rules that, and I keep waiting for you to tell me what's wrong with what it was the judge relied upon, and you still haven't told me what it is. When you look at the totality of the circumstances regarding this person's role, and you look at the roles, the Sentencing Commission has said we look at role, and they've placed couriers near the bottom, number 13. But Kimbrough says that he gets to disagree with the Sentencing Commission, doesn't he? He doesn't say that that's what he's doing. But doesn't Kimbrough give him that authority? He has that authority. I mean, one of the ironies I find in the argument that you're making is this is the inevitable consequence of Booker and its progeny. If you're not going to make these guidelines mandatory anymore, then we are going to end up with greater disparities in the way that different judges handle different sentencing. That is simply the way things are. If they do it correctly. The first step is to first correctly calculate the guidelines. Well, you haven't convinced me that he incorrectly calculated the guidelines when he declined to award a minor role adjustment for this defendant. And if you can't convince me of that, then under CARDI Step 1, he has done his job. Well, there are two reasons why what he did was incorrect. One, the record is clear that he gives minor role in the vast majority of cases for marijuana, but not for cocaine. Second, he said in this case that Mr. Rodriguez Castro may be a foot soldier, but he's not an automaton. That shows that even for a foot soldier, he's not going to give the minor role. Well, he was only charged with one count, right? Importation. Correct. And it's a single defendant case. He's the only guy we got. And the actus reus of the offense is the actual importation of 150 pounds of cocaine into the United States, for which he was caught red-handed. Why does the district court have to look beyond the facts of this case in order to reach a conclusion that he's not entitled to a minor role adjustment for this violation? The court wouldn't look beyond the facts of this case, although he did in talking about experts that were testifying in different cases. But he has to look at all of the participants. But there's only one. Right, but he has to look. And he looked at, you know, where the drugs were coming from. They're coming from another country. Maybe they're coming from Bogota. But the other participants were that he worked for someone else. He was going to drive across the border, go give the drugs to someone else. His role was to simply drive across the border. So the other participants... That's all he was charged with, too. Right. Their undone indicted co-conspirators were the people who owned the drugs, the people who packaged the drugs, who put the drugs in. And all of those people have a higher role. Okay. I see you're out of time. Thank you. Thank you. Good morning. Good morning. May it please the Court, my name is Emily Kieffer, and I represent the United States in this matter. The District Court's sentence here was both procedurally sound and substantively reasonable. First, the District Court here did not clearly err in denying Rodriguez Castro a minor role adjustment. It is the defendant's burden at sentencing to show by a preponderance of the evidence that he is substantially less culpable than the average participant. And although couriers may receive minor role adjustments, they are not automatically entitled to them. Unless they're charged in San Diego, apparently. Why does your office do this? Your Honor, as far as minor role adjustments? Yeah. Well, in this particular case, the United States' position at sentencing was that this defendant had shown a sufficient factual basis to warrant a minor role adjustment. And based on the facts of this case, it would have been within the District Court's discretion to deny or to grant a minor role adjustment in this case. Neither ruling would have been clearly erroneous in this situation. Do you have any idea what a defendant similarly situated in the District of Montana would get for this offense? I do not, Your Honor. There was some discussion, I think, I can't remember what was in the transcript of this case or the other one that we submitted by Judge Burns, that he had been to sentencing conferences with fellow judges, particularly from other border states, and they had all told him that these cases are sentenced far more harshly in other districts than they are in the Southern District of California. Is that correct? Your Honor, I do not have information as to that. You don't remember reading that in this record? Your Honor, the District Court certainly did say that in this record. Okay, so it was this record? Yes, in this record. He did say on the record that he... ...150-pound cocaine couriers. Your Honor, in this particular instance, the facts of the case would support a minor role adjustment, and they would also support denial of minor role adjustment. The judge's point, Judge Burns' point, was that you offer these minor roles before you know anything about the case, and you put the cart before the horse, and he's sick of it. He's asking you to stop doing it, and I guess you don't, or what's the status of it? Well, Your Honor, according to the plea agreement, the defendant is only entitled to a minor role adjustment if the United States believes that the defendant has set forth an adequate factual basis. You could take it away from him. You offer it, but then you have an out that you can take it back. Exactly. He says you've got that backwards. He's got to come forward first to earn it, not you have to come back and revoke it. That is what the district court said in this case. In this particular case, the United States felt that the defendant had set forth an adequate factual basis. He says not just in this particular case, this is the way you do business there. Yes, that is generally how the plea agreements are structured. And that policy hasn't changed? No. Okay. No.  I do not know. I do believe that Judge Burns has voiced his opinion on this matter a number of times. Well, what would happen if we were to hold that we disapprove of this practice of offering minor roles before the prosecutor knows anything about it? That's sort of irrational, you know, to offer it and then do the thinking afterwards. Well, Your Honor, I would disagree that that is, I mean, we don't offer a minor role before we know the facts. At the time of sentencing, defendant has to have come forth with sufficient facts to support. But that's at the time of sentencing. Yes, exactly. I'm backing up when you offer it to him. You offer it to him before you know anything about it. Isn't it a fast-track plea offer? It's a contingent offer saying if you set forth an adequate factual basis, just as if you comply with safety valve provisions, we'll give you safety valve. And at the time of plea, the safety valve debrief has not occurred, so they haven't complied with safety valve. They haven't set forth a factual basis for minor role either. So you really have put, you've reversed the order of things, have you not? If the burden is on the defendant at sentencing to show entitlement to a minor role adjustment, you're doing it just the opposite. You're saying we presume that you are entitled to a minor role adjustment unless you disprove to us that you aren't. The way that the plea agreement is worded is that the defendant will only get a minor role adjustment if he sets forth a factual basis. What happens in practice? How often is it yanked back by the government? I do not know exactly the answer to your question, but I don't believe it happens often. So that's why I suspect, I understand the qualifications in the plea agreement, but I suspect Judge Burns has come to say, look, this is the given. It's the rare case where you move off of that. And so his objection, as everybody understands, is that that's backwards. And it may be that there are reasons to package it that way because it encourages the defendant to sign on more readily, but I expect that Judge Burns is going to, not one to silence himself very easily, is going to continue to voice his displeasure. So are we going to keep having these cases for the foreseeable future? I certainly hope so. I certainly hope not, Your Honor. But as to this particular case, I think it's safe to say that Judge Burns was not clearly erroneous in denying a minor role adjustment. So the answer to Judge Silverman's question is, if we were to issue an opinion that essentially says we agree with Judge Burns, we disapprove of this practice, that wouldn't have any effect on your office's policy? Well, the decision as this Court sits is whether a district court was clearly erroneous in either denying or granting a minor role adjustment. And under that deferential standard, I believe a district court would have been within its discretion to grant a minor role adjustment here. Ms. Keeper, with all due respect, you are not answering my question. Certainly, Your Honor. Or Judge Silverman's question. Okay. Can you answer our question? The effect that a ruling that this is improper to grant minor role beforehand? No. Yeah. This pre-offer policy is essentially completely irrational. And it's doing nothing but engendering satellite litigation from both sides over the policy that shouldn't be in existence in the first place. Your Honor, I think that that would take away the discretion of the district court to grant minor role. I don't think we're talking about the district court's discretion at all. I think we're talking about prosecutorial discretion in your office's plea offer policies, which are causing us to burn up a lot of judge time on things that the government could alleviate if it would just follow the law. I understand your point. And all I can say is that at sentencing, we only recommend a minor role adjustment where we believe the facts support it. Would you do us at least this courtesy? Yes. When you go back to San Diego, would you sit down with your supervisors and with the U.S. attorney? Yes. And let them know of our concern that this policy is producing an awful lot of litigation that shouldn't happen if the policy were changed. Yes, Your Honor. I certainly will do that. Thank you. Thank you. If the court has no further questions, I will submit on the briefs. Thank you, Ms. Keefer. Thank you. If I have one minute to submit it, I guess. In the Southern District of California, there are 4,000 to 5,000 criminal cases per year. And the FASTRAC program, respectfully, it includes acceptance of responsibility. The defendant has to earn that. And judges take it away if they say contradictory things. That's in the plea agreement, too. So the defendant has to show acceptance of responsibility. The defendant has to show a minor role. And judges deny it if the defendant doesn't meet his burden. So I don't think that the U.S. Attorney's policy is. So here the judge denied it. And what we got was an argument. Basically, the judge denied it because he didn't like the policy. And that's the argument we don't want to keep hearing. Well, yes. And it has been memed out over 20 times. But in short little one paragraph, it's because he gives such a high sentence that it allows for appeal. Because he goes over the problem. So how can we solve the problem? Should we issue an opinion that basically reaffirms the district court's right as the trier of fact to make these determination and which also disapproves of the policy of making the offer before the defendant has shown entitlement to it? Well, I don't know. In my opinion, I don't think Article III judges should tell U.S. attorneys how they should structure their plea agreements. And just because I have a lot of years of experience in the Southern District of California, I can inform the court that when these plea offers are made, they know that the person has been interrogated at the border, that they've made statements, and they know enough to say we're either going to give them the standard fast track offer, which includes minor role, that they have to prove, or we're not. I've had many cases where the grand jury unit says we're not going to put safety golf in the plea agreement, we're not putting minor role in the plea agreement, we're not putting any of that. You need to bring your client in here, sit down and talk, because he invoked his right to remain silent. So this fast track policy is the agent is saying that they have enough information to make. You know, the District of Arizona is prosecuting at least as many criminal cases as you are, if not more. And we don't have this problem in the District of Arizona because they don't have this policy. And I guess the question I'm wrestling with is what we can do as an appellate court in order to close the door on arguments that are being made before us here today that frankly we shouldn't be spending our time deciding. Well, Judge Burns is the only judge who doesn't give them minor role. In the District of Arizona, they have agreements where the judge is bound by the plea agreement. Well, you didn't enter into that kind of an agreement, though. You could have, but you didn't. The U.S. Attorney in San Diego does not do those agreements. Well, and I suspect Judge Burns probably would not have accepted it for the same reasons he articulated. Judge Burns may be the only one telling people the emperor's not wearing clothes, you know. The message has gotten to the U.S. Attorney's office. Well, I'm not so sure based on what Ms. Kiefer says, but she promises me that she's going to take this message back. Well, yeah, I'm a lawyer representative. I have no doubt that the message has got to them. In the plea agreement itself, that's a change where it says the defendant has to show it. It gives them an out, and I know that they do look at the cases more carefully when they're deciding whether or not they're going to offer the fast track to the defendant. Thank you very much, Mr. Hermanson. Ms. Kiefer, thank you. Case just argued is submitted. Good morning. 10-55303 Marquis v. Iaria. Each side has 10 minutes.
judges: Silverman, Tallman, Clifton